IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN MAYALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:13-cv-00166-EJF |
| vs. ) | |
| ) | |
| THE RANDALL FIRM, PLLC, NEAL S. ) | |
| RANDALL and MEADE RECOVERY ) | |
| SERVICES, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JUSTIN MAYALL, by and through his attorney, WILLIAM O. HUGGINS, III, and for his Complaint against the Defendants, THE RANDALL FIRM, PLLC, NEAL S. RANDALL and MEADE RECOVERY SERVICES, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Providence, Utah.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies and/or individuals collecting a consumer debt allegedly owed by Plaintiff.

6.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.      On information and belief, Defendant, THE RANDALL FIRM, PLLC (hereinafter the "Firm"), is a Professional Limited Liability Company of the State of Idaho, which is not licensed to do business in Utah and which has its principal place of business in Idaho Falls, Idaho.

8.      On information and belief, Defendant, NEAL S. RANDALL (hereinafter "Randall"), is an individual and an attorney-at-law, who has his principal place of business in Idaho Falls, Idaho.

9.      On information and belief, Defendant, MEADE RECOVERY SERVICES, LLC (hereinafter "Meade"), is a limited liability company of the State of Utah, which has its principal place of business in Logan, Utah.

## ALLEGATIONS

10.     During or about July of 2013, representatives and employees of the Firm, including but not limited to Randall, acting in their capacity as the attorneys and/or authorized

agents of Meade, began contacting Plaintiff regarding collection of an alleged debt which is allegedly owed by Plaintiff to Meade Recovery.

11. On or about July 18, 2013, Randall and Firm sent Plaintiff a letter regarding the alleged debt, wherein they threatened to sue Plaintiff if the alleged debt was not paid or payment arrangements were not made "right now", thus overshadowing Plaintiff's right to dispute the debt and seek validation of the debt. Further, said letter stated "[I]n order to avoid legal action, you should contact me immediately. Otherwise, my client [Meade] has instructed me to file a lawsuit against you." A copy of said letter is attached hereto and incorporated as Plaintiff's Exhibit 1.

12. All of the actions of Randall and Firm as described above were undertaken as the attorneys and authorized agents of Meade.

13. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Participating in collection activities and/or communications which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g; and

    b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JUSTIN MAYALL, respectfully prays for a judgment against Defendants as follows:

    a.    Statutory damages of $1,000.00 for violations of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ William O. Huggins, III
William O. Huggins, III
Federal Bar ID No. 10076
Attorney for Plaintiff
Luxenburg & Levin, LLC
2555 Hampton Road #3103
Henderson, NV 89052
(888) 493-0770, ext. 311 (phone)
(866) 551-7791 (facsimile)
William@LuxenburgLevin.com