JUSTIN D. HEIDEMAN (USB #8897)
TRAVIS J. SORENSON (USB #14796)
**HEIDEMAN & ASSOCIATES**
2696 North University Avenue, Suite 180
Provo, Utah 84604
Telephone: (801) 472-7742
Facsimile: (801) 374-1724
Email:   jheideman@heidlaw.com
*Attorney for Plaintiff*

---

### UNITED STATES DISTRICT COURT IN AND FOR
### THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| JUSTIN MAYALL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE RANDALL FIRM, PLLC, an Idaho professional limited liability company; NEAL S. RANDALL, an individual; MEADE RECOVERY SERVICES, LLC, a Utah limited liability company; MEADERS, LLC, a Utah limited liability company; MOUNTAIN DIVISION - CVH, a Tennessee limited liability company, doing business as CACHE VALLEY HOSPITAL; CVSH, LLC, a Utah limited liability company; ADVANCED SPINE PAIN SPECIALISTS, LLC, a Utah limited liability company; VIKAS GARG, an individual; DAVID GEARY, an individual; EQUIFAX, INFORMATION SERVICES, LLC, a Georgia limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a Delaware corporation; TRANS UNION, LLC, a Delaware corporation; and JOHN DOES 1-10,<br><br>Defendants. | **SECOND AMENDED COMPLAINT**<br><br><br>Case No.: 1:13-cv-00166-TC<br><br><br>Judge: Tena Campbell |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, JUSTIN MAYALL, by and through his attorney, Justin D. Heideman, of the firm Heideman & Associates, to amend the complaint against Defendants pursuant to DUCiv R 7(b) and DUCiv R 15(a)(2), and to name additional Defendants pursuant to DUCiv R 20(a)(2), and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §§ 1692, et seq.; the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681s-2; the Consumer Financial Protection Act of 2010 (hereinafter "CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1); the Utah Consumer Sales Practices Act (hereinafter the "UCSPA"), U.C. §§ 13-11-1, et seq.; and for common law damages resulting from Fraud/Misrepresentation, Negligent Misrepresentation, and Civil Conspiracy.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, et seq; FCRA, 15 U.S.C. § 1681s-2; and CFPA 12 U.S.C. §§ 5531(a), 5536(a)(1). Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Providence, Utah.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

6.      Defendant, THE RANDALL FIRM, PLLC (hereinafter the "Randall Firm"), is an Idaho professional limited liability company, doing business in the state of Utah, and has its principal place of business in Idaho Falls, Idaho.

7.      At all relevant times, Defendant, Randall Firm, acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff, and is a "covered person" under the CFPA, 12 U.S.C. § 5481(6); 12 U.S.C. § 5481(5), 15(A)(x).

8.      Defendant, NEAL S. RANDALL (hereinafter "Randall"), is an individual and an attorney-at-law, and has his principal place of business in Idaho Falls, Idaho.

9.      At all relevant times, Defendant, Randall, acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that he held himself out to be an individual collecting a consumer debt allegedly owed by Plaintiff, and is a "related person" deemed to be a "covered person" under the CFPA, 12 U.S.C. § 5481(25); 12 U.S.C. § 5481(6); 12 U.S.C. § 5481(5), 15(A)(x).

10.     Defendant, MEADE RECOVERY SERVICES, LLC, is a Utah limited liability company, and has its principal place of business in Logan, Utah. Meade Recovery Services, LLC regularly collects defaulted consumer debt related to a consumer-financial product or service using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is debt collection; and furnishes information relating to consumers to one or more

consumer-reporting agencies for inclusion in a consumer report. Accordingly, Meade Recovery Services, LLC is a "covered person" under the CFPA, 12 U.S.C. § 5481(6); 12 U.S.C. § 5481(5), 15(A)(i), (15)(A)(x); a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6); and a furnisher subject to FCRA, 15 U.S.C. § 1681s-2.

11.     Defendant, MEADERS, LLC, is a Utah limited liability company affiliated with Defendant Meade Recovery Services, LLC, (hereinafter collectively "Meade"), and has its principal place of business in Logan, Utah. Meade regularly collects defaulted consumer debt related to a consumer-financial product or service using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is debt collection; and furnishes information relating to consumers to one or more consumer-reporting agencies for inclusion in a consumer report. Accordingly, Meade is a "covered person" under the CFPA, 12 U.S.C. § 5481(6); 12 U.S.C. § 5481(5),  (15)(A)(x); a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6); and a furnisher subject to FCRA, 15 U.S.C. § 1681s-2.

12.     Defendant MOUNTAIN DIVISION – CVH, LLC, is a Tennessee limited liability company currently doing business in Utah as Cache Valley Hospital.

13.     Defendant CVSH, LLC, is a Utah limited liability company. Prior to 2014, CVSH, LLC's legal name was Cache Valley Specialty Hospital, LLC, doing business as Cache Valley Hospital.

14.     In 2014, MOUNTAIN DIVISIONS – CVH, LLC, acquired CVSH, LLC. (hereinafter collectively "CVSH").

15.     Defendant, ADVANCED SPINE PAIN SPECIALISTS, LLC (hereinafter "Advanced Spine"), is a Utah limited liability company, with its principal place of business located in Logan, Utah.

16.     Defendant, VIKAS GARG, (hereinafter "Dr. Garg") is an individual and board certified doctor, domiciled in the state of Utah, and the principal member of Advanced Spine.

17.     Defendant, DAVID GEARY (hereinafter "Geary"), is an individual employed by Defendant CVSH as the Chief Financial Officer at the time of the events related to this complaint, and is domiciled in the state of Utah.

18.     Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), is a Georgia limited liability company registered as a foreign entity doing business in the state of Utah, and has its principal place of business located in Atlanta, Georgia.

19.     Equifax is one of the three largest consumer credit reporting agencies in the United States which gathers, maintains, and provides information on over 400 million consumers worldwide, and is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681 a(f), and is a "covered person" under the CFPA, 12 U.S.C. § 5481(6); 12 U.S.C. § 5481(5), 15(A)(ix).

20.     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), is a Delaware corporation registered and doing business as a foreign corporation in the state of Utah, and has its operational headquarters in Costa Mesa, California.

21.     Defendant, Experian, operates as one of the three largest consumer credit reporting agencies in the United States, and gathers, maintains, and provides information on millions of consumers, and is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681 a(f), and is a "covered person" under the CFPA, 12 U.S.C. § 5481(6); 12 U.S.C. § 5481(5), 15(A)(ix).

22.     Defendant, TRANS UNION, LLC (hereinafter "TransUnion"), is a Delaware corporation registered and doing business as a foreign entity in the state of Utah.

23.     TransUnion operates as one of the three largest consumer credit reporting agencies in the United States, and gathers, maintains, and provides credit information on approximately 500 million consumers worldwide, and is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681 a(f), and is a "covered person" under the CFPA, 12 U.S.C. § 5481(6); 12 U.S.C. § 5481(5), 15(A)(ix).

## GENERAL ALLEGATIONS
(Allegations Common to Each Claim for Relief)

24.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

25.     Plaintiff, Justin Mayall, is a veteran of the United States armed forces, and receives medical insurance through the United States Veterans Administration (hereinafter "V.A.").

26.     Plaintiff is physically classified as one-hundred percent (100%) disabled.

27.     In addition to V.A. medical benefits, Plaintiff is covered by Medicare Part A insurance.

28.     On August 8, 2012, Plaintiff experienced a sharp pain in his lower back.

29.     On August 8, 2012, Plaintiff sought out Advanced Spine to receive treatment for the pain in his lower back.

30.     Advanced Spine is a medical treatment center located and operating at CVSH.

31.     Advanced Spine is operated and owned by Defendant, Dr. Garg.

32.     Defendant, Dr. Garg, is a medical doctor who specializes in treating pain.

32.     During Plaintiff's visit to Advanced Spine on August 8, 2012, Plaintiff provided the staff of Advanced Spine with his insurance information, including his V.A. insurance information, and Medicare Part A insurance information.

34.     Plaintiff was in great pain on August 8, 2012, however, the office staff at Advanced Spine expressly told Plaintiff he could not receive treatment until payment for the treatment was pre-authorized by Plaintiff's insurance.

35.     Advanced Spine scheduled an appointment for Plaintiff to return for treatment on August 14, 2012 in order to obtain pre-authorization before conducting the procedure.

36.     On August 8, 2012 at the request of Defendant Advance Spine, Plaintiff filled out paperwork for Defendants Advanced Spine and CVSH consenting to the treatment at CVSH that he was scheduled to receive on August 14, 2012 from Dr. Garg and Advanced Spine.

37.     Plaintiff signed the paperwork consenting to treatment relying on Advanced Spine's representations that the procedure would not occur unless pre-authorization was obtained.

38.     On August 14, 2012, Plaintiff returned to Advanced Spine to receive his treatment, and Dr. Garg performed the procedure relieving Plaintiff's lower back pain.

39.     Unbeknownst to Plaintiff, Defendants Alpine Spine and CVSH failed to send a pre-authorization request for Plaintiff's procedure.

40.     In late August 2012, Plaintiff received a bill from Advanced Spine for over $1,500.00. Plaintiff immediately telephoned Advanced Spine to dispute the charges.

41.     During the call, a member of Advance Spine's staff told Plaintiff that they had forgotten to get pre-authorization for Plaintiff's procedure from his insurance.

42.     Advanced Spine informed Plaintiff that Defendant Advanced Spine was waiving the charges associated with Plaintiff's procedure because they failed to get pre-authorization.

43.     Plaintiff's V.A. insurance would have covered the procedure, a fact known to or should have been known by Defendants CVSH and Advanced Spine.

44.     Plaintiff would not have allowed Dr. Garg to perform the procedure on August 14, 2012, if Plaintiff had known that payment for his procedure had not been pre-authorized by his insurance.

45.     Plaintiff later received an invoice from CVSH for charges for the procedure.

46.     Plaintiff disputed the charges from CVSH, and refused to pay believing it should have been covered by his V.A. insurance, and believing the charges had been waived because Defendants CVSH and Advanced Spine forgot to get the pre-authorization.

47.     Plaintiff requested CVSH submit the charges to the V.A., if Defendant CVSH wanted payment.

48.     On information and belief, Defendant CVSH submitted the charges to the V.A., and the V.A. refused to cover Plaintiff's procedure because Defendants CVSH and Advance Spine failed to submit a request for pre-authorization.

49.     Defendant CVSH again demanded payment from Plaintiff, who in turn refused to pay because Defendant Advanced Spine had represented to him that the charges had been waived, and because it was Defendants' CVSH and Advanced Spine's mistake of not requesting pre-authorization that caused his insurance to refuse payment.

50.     On or around November 2012, Plaintiff received a Medicare Summary Notice indicating that Dr. Garg, Advanced Spine, and CVHS billed Medicare B for Plaintiff's visit to Advanced Spine's office on August 8, 2012, and for procedures on August 9, 2012, when in fact, Plaintiff did not receive any treatment on August 9, 2012, and did not visit the offices of Advanced Spine or CVHS on August 9, 2012.

51.     On information and belief, Defendants CVSH and Advanced Spine billed Medicare Part B on August 9, 2012 for charges associated with Plaintiff's procedure which was not scheduled to occur until August 14, 2012.

52.     Plaintiff is not covered by Medicare Part B, but Plaintiff is covered by Medicare Part A and V.A. insurance. Plaintiff provided this information to CVHS and Advance Spine on August 8, 2012.

53.     Upon information or belief, sometime after Plaintiff left Defendant Advance Spine's office on August 8, 2012, Defendants CVSH and/or Advanced Spine, filled in Plaintiff's signature line date on Plaintiff's consenting paperwork to read, August 9, 2012 to coincide with the date Defendants Advance Spine and CVSH billed Medicare for the charges associated with Plaintiff's procedure that was to be conducted on August 14, 2012.

54.     By the time Plaintiff had received the Medicare Summary Notice, Advanced Spine had waived all charges because they had failed to obtain pre-authorization from the V.A.

55.     Defendant CVSH, however, continued to demand payment from Plaintiff for charges that were billed on August 9, 2012, even though the procedure associated with the charges did not occur until August 14, 2012, and even though Defendant CVSH had failed to request pre-authorization from the V.A.

56.     It was Defendants CVSH's and Advanced Spine's responsibility to gain pre-authorization, and Plaintiff did not owe CVSH or Advanced Spine for treatment after Defendants represented to Plaintiff that the procedure could not take place without pre-authorization.

57.     Plaintiff reasonably relied on Defendant Advanced Spine's statements in assuming the procedure had been pre-authorized by his insurance at the time Plaintiff accepted the treatment from Dr. Garg.

58.     Plaintiff made several attempts to resolve the dispute with CVSH, but CVSH refused to waive the charges.

59.     Eventually, Plaintiff's account with CVSH was turned over to Defendant Meade to collect the alleged debt.

60.     During or about July of 2013, representatives and employees of the Randall Firm, including but not limited to Randall, acting in their capacity as attorneys and authorized agents of Meade, began contacting Plaintiff regarding collection of Plaintiff's alleged debt.

61.     Defendants, Meade, Randall and the Randall Firm, did not verify whether the alleged debt was actually owed by Plaintiff.

62.     On or about July 18, 2013, Plaintiff received a letter from the Randall Firm signed by attorney Neal S. Randall.

63.     The Randall Firm July 18, 2013 letter demanded payment for the original charge from CVSH in the amount of $3,670.10, $620.80 of accrued interest, $1468.04 for collection costs, and $175.00 for attorney fees, equaling a total demand of $5,933.94 to satisfy the alleged debt with CVSH.

64.     The Randall Firm July 18, 2013 letter threatened to sue Plaintiff if the alleged debt was not paid or if payment arrangements were not made "right now", thus overshadowing Plaintiff's right to dispute or seek validation of the debt.

65.     Further, the Randall Firm July 18, 2013 letter stated "[I]n order to avoid legal action, you should contact me immediately. Otherwise, my client [Meade] has instructed me to file a lawsuit against you." A copy of said letter is attached hereto and incorporated herein as Plaintiff's **Exhibit 1**.

66.     In response to the Randall Firm's July 13, 2013 letter, Plaintiff contacted the Randall Firm in writing within thirty (30) days to dispute the debt.

67.     Thereafter on August 29, 2013, Meade served a Complaint and Ten (10) Day Summons on Plaintiff for breach of contract seeking a judgment of $6,657.17 in the Utah First Judicial District Court for an alleged debt for a procedure allegedly performed on Plaintiff on August 9, 2012. August 9, 2012, is the same date Defendants CVSH and Advanced Spine billed Medicare for Plaintiff's procedure that had not occurred yet.

68.     The August 20, 2013 Complaint was accompanied by a letter from the Randall Firm. The letter stated "You have just been served with a lawsuit." A copy of said letter is attached hereto and incorporated herein as Plaintiff's **Exhibit 2**.

69.     On September 13, 2013, Randall filed the Complaint and Summons with the Utah First District Court in and for Cache County.

70.     Defendants, Meade, Randall, the Randall Firm, and or CVSH, reported Plaintiff's alleged debt to credit agencies including but not limited to Defendants, Experian, Equifax, and TransUnion, knowing or having reasonable cause to believe that the information was inaccurate.

71.     Plaintiff disputed the alleged debt with Experian, Equifax, and TransUnion numerous times in writing and over the telephone.

72.     Defendants, Experian, Equifax, and TransUnion, reported the alleged debt on Plaintiff's consumer credit report without following reasonable procedures to assure maximum possible accuracy whether a debt was actually owed by Plaintiff, and knowing or having reasonable cause to believe that the information was inaccurate.

73.     Defendants, Experian, Equifax, and TransUnion, should have known the information provided by Meade, Randall, the Randall Firm, and or CVSH was inaccurate

because Plaintiff informed Defendants, Experian, Equifax, and TransUnion, of the grounds upon which the debt was disputed, that Plaintiff was a one-hundred percent (100%) disabled veteran, and that he should not have medical debt when his V.A. insurance covers his medical expenses.

74.     Each time Plaintiff disputed the alleged debt with Experian, Equifax, and TransUnion, the Defendants, Meade, Randal, the Randall Firm, and/or CVSH wrongfully verified the alleged debt, and failed to correct information that the said Defendants knew to be false.

75.     Thereafter, Defendants Experian, Equifax, and TransUnion, again wrongfully reported the alleged debt on Plaintiff's consumer credit report by failing to follow reasonable procedures to assure maximum possible accuracy when verifying the debt when knowing or having reasonable cause to believe that the information was inaccurate. Plaintiff informed Defendants, Experian, Equifax, and TransUnion, of the grounds upon which the debt was disputed and that an action was pending in the Utah First Judicial District Court in and for Cache County regarding the dispute.

76.     During litigation in the parties' state case pending in the District Court for Cache County State of Utah, Plaintiff received part of his medical records from Defendants CVHS, Advanced Spine, and Dr. Garg. Plaintiff discovered that it appeared that many of the records had been edited with false information to accord with CVHS's, Advanced Spine's, and Dr. Garg's attempts to bill Medicare for a procedure on August 9, 2012, which never occurred on that date.

77.     During litigation it became apparent that Defendants, CVHS, Advanced Spine, Dr. Garg, and/or Geary made untruthful assertions under oath about the events related to Plaintiff's procedure, medical billing, and medical records.

78.     Eventually, Defendants agreed to dismiss their claims against Plaintiff in the state case, and the District Court for Cache County, State of Utah, dismissed the Defendants collection claim against Plaintiff with prejudice on July 28, 2015.

79.     Upon information or belief, the procedures Defendants Experian, Equifax, and TransUnion used to allegedly verify Plaintiff's alleged debt, which included merely making an inquiring to Defendants Meade, Randal, the Randall Firm, and/or CVSH, was not a reasonable procedures to assure maximum possible accuracy whether a debt was actually owed by Plaintiff when Plaintiff provided information that Plaintiff was a one-hundred percent (100%) disabled veteran, which made it highly unlikely that Plaintiff would incur medical debt.

80.     Plaintiff has been damaged as a result of the Defendants' reporting of Plaintiff's alleged debt on his credit score, including but not limited to being denied financing for an opportunity to purchase real property, and being denied personal lines of credit.

### FIRST CAUSE OF ACTION
(Violation of FDCPA, 15 U.S.C. § 1692g)
(Against Defendants, Randall, the Randall Firm, and Meade)

81.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

82.     All of the actions of Randall and the Randall Firm as described above were undertaken as the attorneys and authorized agents of Meade.

83.     In attempts to collect the aforementioned alleged debt, Defendants, Randall, the Randall Firm, and Meade, violated the FDCPA in one or more of the following ways:

    a.   Participating in collection activities and/or communications which

        overshadowed and/or were inconsistent with Plaintiff's right to dispute the

debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g; and

b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

84.     After receiving written notice within thirty (30) days that Plaintiff disputed the debt, Defendants, Randall, the Randall Firm, and Meade, failed to cease attempts to collect the alleged debt.

85.     After receiving written notice within thirty (30) days that Plaintiff disputed the debt, Defendants, Randall, the Randall Firm, and Meade, served a Complaint and Summons on Plaintiff, and later filed the Complaint in the First District Court of Utah in and for Cache County in violation of 15 U.S.C. § 1692g.

86.     As a result of Defendants' Randall, the Randall Firm, and Meade's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and economic injury.

87.     As a result of Defendants' Randall, the Randall Firm, and Meade's violations as aforesaid, Plaintiff's credit rating has been injured, and continues to be injured.

88.     As a result of Defendants' Randall, the Randall Firm, and Meade's violations as aforesaid, Plaintiff has suffered actual damages resulting from being denied financing for real property, and being denied financing for personal lines of credit.

## SECOND CAUSE OF ACTION
### (Violation of FDCPA, 15 U.S.C. § 1692e)
### (Against Defendants, Randall, the Randall Firm, and Meade)

89.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

90.     FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

91.     Section 807(8) of the FDCPA, 15 U.S.C. §1692e(8), further bars debt collectors from communicating to any person, including consumer-reporting agencies, information that they know or should know to be false.

92.     Defendants, Meade, Randall, and the Randall Firm, sought payment for the alleged debt claiming a procedure was performed on Plaintiff on August 9, 2012, when in fact no procedure was ever performed on Plaintiff on that date.

93.     Defendants, Meade, Randall, and the Randall Firm, sought payment for an alleged debt for a procedure performed on Plaintiff, when in fact Defendant Advanced Spine had previously waived all charges associated with the procedure, and no debt was owed.

94.     Defendants, Meade, Randall, and the Randall Firm, reported Plaintiff's disputed debt to Experian, TransUnion, and Equifax on multiple occasions.

95.     After Plaintiff disputed the alleged debt and, after Plaintiff provided information to Defendants, Meade, Randall, and the Randall Firm, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate, Defendants failed to correct the information with Experian, TransUnion, and Equifax.

96.     Defendants, Meade, Randall, and the Randall Firm, reported Plaintiff's disputed debt to Experian, TransUnion, and Equifax on multiple occasions even after Plaintiff provided information to Meade, Randall, and the Randall Firm, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate.

97.     In attempting to collect, Defendants, Meade, Randall, and the Randall Firm, made false and misleading statements regarding the alleged debts as described in the preceding

paragraphs, and as a result Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and economic injury.

98.     As a result of Defendants' Meade, Randall, the Randall Firm's, violations as aforesaid, Plaintiff's credit rating has been injured, and continues to be injured.

99.     As a result of Defendants' Meade, Randall, and the Randall Firm's violations as aforesaid, Plaintiff has suffered actual damages resulting from being denied financing for real property, and being denied financing for personal lines of credit.

### THIRD CAUSE OF ACTION
(Inaccurate Reporting in Violation of the FCRA)
(Against Defendants, Meade, Randall, the Randall Firm, and CVSH)

100.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

101.     Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A), prohibits a person from furnishing any information relating to a consumer to any consumer reporting agency, if the person knows or has reasonable cause to believe that the information is inaccurate.

102.     Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2), provides that a person who (A) regularly and in the ordinary course of business furnishes information to one or more consumer-reporting agencies about the person's transactions or experiences with any consumer, and (B) has furnished to a consumer-reporting agency information that the person determines is not complete and accurate, shall promptly notify the consumer-reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains incomplete or inaccurate.

103.    Defendants, Meade, Randall, the Randall Firm, and/or CVSH reported Plaintiff's disputed debt to Experian, TransUnion, and Equifax on multiple occasions.

104.    After Plaintiff disputed the alleged debt and, after Plaintiff provided information to Defendants, Meade, Randall, the Randall Firm, and CVSH, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate, Defendants failed to correct the information with Experian, TransUnion, and Equifax.

105.    Defendants, Meade, Randall, the Randall Firm, and/or CVSH, reported Plaintiff's disputed debt to Experian, TransUnion, and Equifax on multiple occasions even after Plaintiff provided information to Defendants, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate.

106.    As a result of Defendants' Meade, Randall, the Randall Firm, and/or CVSH's, violations as aforesaid, Plaintiff's credit rating has been injured, and continues to be injured.

107.    As a result of Defendants' Meade, Randall, the Randall Firm, and/or  CVSH's, violations as aforesaid, Plaintiff has suffered actual damages resulting from being denied financing for real property, and being denied financing for personal lines of credit.

### FOURTH CAUSE OF ACTION
(Deception under the CFPA in Reporting and Collecting Disputed Debts)
(Against Defendants, Meade, Randall, the Randall Firm, Equifax, Experian, and TransUnion)

108.    Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

109.    An act or practice is deceptive under the CFPA if it involves a material misrepresentation that misleads, or is likely to mislead, a consumer acting reasonably under the circumstances.

110.     In reporting and attempting to collect Plaintiff's disputed debt, Defendants, Meade, Randall, the Randall Firm, Equifax, Experian, and TransUnion, represented, directly or indirectly, expressly or by implication, that Plaintiff owed the alleged debt, and Defendants did not have a reasonable basis for claiming the debt was owed by Plaintiff.

111.     In fact, Defendants, Meade, Randall, the Randall Firm, Equifax, Experian, and TransUnion, on numerous occasions knew their representations that Plaintiff owed the alleged debt were false and misleading, or were not substantiated at the time Defendants made the representations.

112.     Defendants, Meade, Randall, the Randall Firm, Equifax, Experian, and TransUnion,  continued to represent that Plaintiff owed the alleged debt even after Plaintiff provided information to Defendants which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate.

113.     Defendants, Meade, Randall, and the Randall Firm, reported Plaintiff's disputed debt to Experian, TransUnion, and Equifax on multiple occasions even after Plaintiff provided information to Defendants, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate.

114.     After Plaintiff disputed the alleged debt and, after Plaintiff provided information to Defendants, Meade, Randall, and the Randall Firm, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate, Defendants failed to correct the information with Experian, TransUnion, and Equifax.

115.     After Plaintiff disputed the alleged debt and, after Plaintiff provided information to Defendants, Equifax, Experian, and TransUnion, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate, Defendants Equifax,

Experian, and TransUnion, did not remove the derogatory information from Plaintiff's credit report, and continued to publish the information to Plaintiff's potential creditors.

116.     Defendants' Meade, Randall, the Randall Firm, Equifax, Experian, and TransUnion's, misrepresentations were material because they were likely to affect Plaintiff's response to the alleged outstanding debt and were likely to mislead Plaintiff.

117.     Accordingly, Defendants' Meade, Randall, the Randall Firm, Equifax, Experian, and TransUnion's, misrepresentations in reporting and attempted collection of the disputed debt were false or misleading and constitute deceptive acts or practices in violation of Section 1031(a) and 1036(a) of the CFPA, 12 U.S.C. §§ 5531(a); 5536(a).

## FIFTH CAUSE OF ACTION
### (Violations of FCRA and the FDCPA Violate the CFPA)
### (Against Defendants, Meade, Randall, the Randall Firm, and CVSH)

118.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

119.     Defendants' Meade, Randall, and the Randall Firm's violations of the FCRA and the FDCPA, described in Plaintiff's Second and Third Causes of Action constitute violations of Section 1036 of the CFPA 12 U.S.C. §5536(a)(1)(A).

120.     Defendant CVSH's violations of the FDCPA, described in Plaintiff's Third Cause of Action constitute violations of Section 1036 of the CFPA 12 U.S.C. §5536(a)(1)(A).

## SIXTH CAUSE OF ACTION
### (Utah Consumer Sales Practice Act ("UCSPA"), U.C. § 13-11-1, et seq.)
### (Against CVSH, Advanced Spine, and Dr. Garg)

121.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

122.    The transaction between Plaintiff, CVSH, Advanced Spine, and Dr. Garg involving Plaintiff's medical procedure, falls within the meaning of a "consumer transaction" as defined by U.C. § 13-11-3(2).

123.    Defendants, CVSH, Advanced Spine, and Dr. Garg, fall within in the meaning of "supplier" as defined by U.C. § 13-11-3(6).

124.    Pursuant to U.C. § 13-11-4, a supplier commits a deceptive act or practice in violation of the UCSPA if the supplier knowingly or intentionally indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not.

125.    Defendants, CVSH, Advanced Spine, and Dr. Garg, knowingly indicated to Plaintiff that the procedure performed on Plaintiff was pre-authorized by Plaintiff's insurance, when in fact it was not, and as such Defendants committed a deceptive act or practice in violation of UCSPA, U.C. § 13-11-1, et seq.

126.    As a result of Defendants' CVSH, Advanced Spine, and Dr. Garg's deceptive act in violation of the UCSPA, U.C. § 13-11-1, et seq., Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and economic injury.

127.    As a result of Defendants' CVSH, Advanced Spine, and Dr. Garg's violations as aforesaid, Plaintiff's credit rating has been injured, and continues to be injured.

128.    Defendants CVSH, Advanced Spine, and Dr. Garg reported Plaintiff's disputed debt to Experian, TransUnion, and Equifax on multiple occasions even after Plaintiff provided information to Defendants, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate.

129.    As a result of Defendants' CVSH, Advanced Spine, and Dr. Garg's violations as aforesaid, Plaintiff's credit rating has been injured, and continues to be injured.

130.    As a result of Defendants' CVSH, Advanced Spine, and Dr. Garg's violations as aforesaid, Plaintiff has suffered actual damages resulting from being denied financing for real property, and being denied financing for personal lines of credit.

### SEVENTH CAUSE OF ACTION
(Fraud/Misrepresentation)
(Against Defendants, CVSH, Advanced Spine, and Dr. Garg)

131.    Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

132.    Under Utah law, the elements a party must allege to bring a claim of fraud are:

(1) that a representation was made

(2) concerning a presently existing material fact

(3) which was false and

(4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation,

(5) for the purpose of inducing the other party to act upon it and

(6) that the other party, acting reasonably and in ignorance of its falsity,

(7) did in fact rely upon it

(8) and was thereby induced to act

(9) to that party's injury and damage."

*Armed Forces Ins. Exchange v. Harrison*, 70 P.3d 35, 40, 2003 UT 14, ¶ 16 (2003).

133.    Defendants, CVSH, Advanced Spine, and Dr. Garg, represented to Plaintiff that the procedure performed on Plaintiff was approved for payment by Plaintiff's insurance, when in fact it was not.

134.    The fact regarding whether the procedure performed on Plaintiff had been pre-authorized for payment from Plaintiff's insurance company was a presently existing material fact at the time Plaintiff agreed to have the procedure performed by Defendants.

135.    Defendants' CVSH, Advanced Spine, and Dr. Garg's representation that the procedure had been approved was false.

136.    Defendants CVSH, Advanced Spine, and Dr. Garg failed to inform Plaintiff that the procedure was not authorized.

137.    Defendants CVSH, Advanced Spine, and Dr. Garg knew that their representation was false or made the representation recklessly knowing there was insufficient knowledge to make the representation.

138.    Defendants CVSH, Advanced Spine, and Dr. Garg made the representation to induce Plaintiff to have the procedure performed by Defendants.

139.    Plaintiff acted reasonably in having the procedure performed and in believing Defendants' CVSH, Advanced Spine, and Dr. Garg's representation that the procedure was pre-authorized because Defendants had previously told Plaintiff the procedure could not be performed without pre-authorization.

140.    Plaintiff had the procedure performed relying on Defendants' CVSH, Advanced Spine, and Dr. Garg's representations.

141.     Plaintiff was induced to act by Defendants' CVSH, Advanced Spine, and Dr. Garg's representations, and would not have had the Defendants perform the procedure, if Plaintiff knew it was not pre-authorized.

142.     As a result of Defendants' CVSH, Advanced Spine, and Dr. Garg's misrepresentation, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and economic injury.

## EIGHTH CAUSE OF ACTION
### (Negligent Misrepresentation)
### (Against Defendants, CVSH, Advanced Spine, and Dr. Garg)

143.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

144.     A party injured by a reasonable reliance upon a second party's negligent misrepresentation of a material fact may recover when:

>    (1) the offending party had a pecuniary interest in the transaction,

>    (2) the offending party was in a superior position to know the material facts, and

>    (3) the offending party should have reasonably foreseen that the injured party was
>        likely to rely upon the fact.

*Price-Orem Inv. Co. v. Rollins, Brown and Gunnell, Inc.*, 713 P.2d 55, 59 (Utah 1986).

145.     Defendants, CVSH, Advanced Spine, and Dr. Garg, had a pecuniary interest in performing the procedure on Plaintiff because they sought payment for the procedure.

146.     Defendants, CVSH, Advanced Spine, and Dr. Garg, were in a superior position to know the material facts, including but not limited to whether the procedure was pre-authorized, how to gain pre-authorization, and in knowing whether the insurers would cover Plaintiff's procedure.

147.    Defendants, CVSH, Advanced Spine, and Dr. Garg, should have reasonably foreseen that Plaintiff would rely on the representation that the procedure could not be performed without pre-authorization, and that Plaintiff reasonably believed the procedure was pre-authorized when Defendants allowed the procedure to be performed.

148.    As a result of Defendants' CVSH, Advanced Spine, and Dr. Garg's negligent misrepresentation afore said, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and economic injury.

### NINTH CAUSE OF ACTION
(Violation of FCRA 15 U.S.C. § 1681n)
(Against Defendants, Equifax, Experian, and TransUnion)

149.    Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

150.    Defendants, Equifax, Experian, and TransUnion, willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

a.     failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b);

b.     failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

151.    As a result of Defendants, Equifax's, Experian's, and TransUnion's, violation of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

152.    Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

153.     Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

154.     Plaintiff is entitled to attorney fees incurred, pursuant to 15 U.S.C. §1681n(a).

### TENTH CAUSE OF ACTION
(FCRA, 15 U.S.C. § 1681o)
(Against Defendants, Equifax, Experian, and TransUnion)

155.     Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

156.     Defendants, Equifax, Experian, and TransUnion, willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

a.       failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b);

b.       failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

157.     As a result of Defendants, Equifax's, Experian's, and TransUnion's, violation of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

158.     Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

159.     Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

160.     Plaintiff is entitled to attorney fees incurred, pursuant to 15 U.S.C. §1681o(a).

//

//

## ELEVENTH CAUSE OF ACTION
(Civil Conspiracy)
(Against CVSH, Advanced Spine, Dr. Garg, Geary, Meade, Randall, and the Randall Firm)

161.    Plaintiff incorporates by this reference all prior allegations of law and fact contained in the preceding paragraphs as if fully set forth herein.

162.    Under Utah law, to prove a civil conspiracy a plaintiff must show the following elements: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.
*Israel Pagan Estate v. Cannon*, 746 P.2d 785, 790 (Utah App. 1987).

163.    Defendants, CVSH, Advanced Spine, Dr. Garg, David Geary, Meade, Randall, and the Randall Firm, conspired together to collect Plaintiff's alleged debt when in fact no debt was owed.

164.    Defendants, CVSH, Advanced Spine, Dr. Garg, David Geary, Meade, Randall, and the Randall Firm, had an agreement to collect Plaintiff's alleged debt.

165.    In the course of collecting Plaintiff's alleged debt, Defendants, CVSH, Advanced Spine, Dr. Garg, David Geary, Meade, Randall, and the Randall Firm, committed one or more unlawful, overt acts, including but not limit to violations of the FDCPA, 15 U.S.C. §§ 1692g; 1692e, and violations of the UCSPA, U.C. § 13-11-1, et seq., as described in the preceding paragraphs.

166.    As a result of Defendants conspiracy, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and economic injury.

//

**WHEREFORE**, Plaintiff, JUSTIN MAYALL, respectfully prays for a judgment against Defendants as follows:

1.      For judgment against Defendants for statutory and actual damages for violations of the FDCPA to be proven at trial.

2.      For judgment against Defendants for statutory and actual damages for violations of the FCRA to be proven at trial.

3.      For judgment against Defendants for statutory and actual damages for violations of the CFPA to be proven at trial.

4.      For judgment against Defendants for statutory and actual damages for violations of the UCSPA to be proven at trial.

5.      For judgment against Defendants for fraud/misrepresentation for an amount to be proven at trial.

6.      For judgment against Defendants for negligent misrepresentation for an amount to be proven at trial.

7.      For judgment against Defendants for civil conspiracy for an amount to be proven at trial.

8.      For punitive damages for Defendants wrongful and unlawful acts.

9.      For a total award of no less than $350,000.00.

10.     For an award of attorney's fees and costs.

11.     For such other relief as the Court deems proper and just.

//

//

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

DATED and SIGNED this 2nd day of August, 2016.

HEIDEMAN & ASSOCIATES

*/s/ Justin D. Heideman*
JUSTIN D. HEIDEMAN
*Attorney for Plaintiff*

**Certificate of Service**

On this 2nd day of August, 2016, I hereby certify a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT** was served on the following:

| Party/Attorney | Method |
|---|---|
| Neal S. Randall<br>THE RANDALL LAW FIRM, PLLC<br>PO Box 50800<br>Idaho Falls, ID 83405-0800<br>Telephone: (702) 460-2022<br>Email: neal@therandallfirm.com<br>*Attorney for Defendants The Randall Firm and Neal S. Randall* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| Marty Moore<br>Matthew David Lorz<br>PECK HADFIELD, BAXTER & MOORE LC<br>399 North Main Street, Suite 300<br>Logan, UT 84321<br>Telephone: (435) 787-9700<br>Email: mmoore@peckhadfield.com<br>    mlorz@peckhadfield.com<br>*Attorney for Defendants Advanced Spine Pain Specialists and Vikas Garg* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| Mark T. Rasich<br>STOEL RIVES<br>201 South Main Street, Suite 1100<br>Salt Lake City, UT 84111<br>*Attorney for Defendant Experian Information Solutions* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| George W. Burbidge, II<br>CHRISTENSEN & JENSEN, PC<br>257 E. 200 S., Suite 1100<br>Salt Lake City, UT 84111<br>Telephone: (801) 323-5000<br>Email: george.burbidge@chrisjen.com<br>*Attorney for Defendant Trans Union* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| Jonathan E. Jenkins<br>DAINES & JENKINS, LLP<br>108 N. Main Street, Suite 200<br>Logan, UT 84323<br>Telephone: (435) 753-4000<br>Email: jjenkins@dainesjenkins.com<br>*Attorney for Meade Recovery Services, LLC* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |

| | |
|---|---|
| Gary N. Anderson<br>R. Christian Hansen<br>HILLYARD ANDERSON & OLSEN, PC<br>595 South Riverwoods Parkway, Suite 100<br>Logan, UT 84321<br>Telephone: (435) 752-2610<br>Email: christian@hao-law.com<br>*Attorney for Cache Valley Specialty Hospital Properties, LTD* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| Robert H. Scott<br>Jason T. Baker<br>AKERMAN, LLP<br>170 South Main Street, Suite 950<br>Salt Lake City, UT 84101<br>Telephone: (801) 907-6900<br>Email: jason.baker@akerman.com<br>       robert.scott@akerman.com<br>*Attorneys for Cache Valley Specialty Hospital, LLC and David Geary* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| Stewart Peay<br>SNELL & WILMER, LLP<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101<br>Telephone: (801) 257-1900<br>Email: speay@swlaw.com<br>*Attorney for Defendants Equifax, Inc., and Equifax Information Services, LLC* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| Angela M. Taylor<br>JONES DAY<br>3161 Michelson Dr., Ste. 800<br>Irvine, CA 92612<br>*Pro Hac Attorney for Experian Information Solutions, Inc.* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |
| Jason T. Baker<br>Robert H. Scott<br>AKERMAN, LLP<br>170 S Main Street Ste 950<br>Salt Lake City, Utah 84101<br>Telephone: (801) 907-6900<br>Email: jason.baker@akerman.com<br>       robert.scott@akerman.com<br>*Attorney for Cache Valley Specialty Hospital Properties* | U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X Electronic Filing Notice |

HEIDEMAN & ASSOCIATES

/s/ Wendy Poulsen
WENDY POULSEN
Legal Assistant