IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN MAYALL,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>THE RANDALL FIRM, PLLC, et al.,<br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 1:13-cv-00166-TC<br><br><br>Judge Tena Campbell |

Plaintiff Justin Mayall sought treatment for his back pain from Defendants Dr. Vikas Garg and Advanced Spine Pain Specialists (Advanced Spine). Dr. Garg and Advanced Spine told Mr. Mayall they would treat him only after they received preapproval from his insurance. A few days later, Dr. Garg performed a procedure on Mr. Mayall, curing his back pain. Unfortunately, Advanced Spine had failed to acquire preauthorization for the procedure. Though Advanced Spine waived its charges for the procedure, the hospital did not. Mr. Mayall's hospital charges were turned over to a collector and reported to credit agencies.

Mr. Mayall sued the collectors, the credit agencies, the hospital, Dr. Garg, and Advanced Spine.  Many of these claims arise under federal law.  Dr. Garg and Advanced Spine filed a motion to dismiss Mr. Mayall's four state-law claims against them.  Concluding that (1) the first two claims are time-barred, (2) the court has, and will exercise, supplemental jurisdiction over the remaining two claims, and (3) the remaining two claims are well-pleaded, the court GRANTS Dr. Garg's and Advance Spine's motion in part and DENIES it in part.

## BACKGROUND[1]

Experiencing back pain, Mr. Mayall visited Dr. Garg at the Advanced Spine office.  During his visit, Mr. Mayall submitted his insurance information.  Advanced Spine told Mr. Mayall that despite his intense pain, Dr. Garg would not treat him until it received preauthorization from his insurance.  To allow time to acquire preauthorization, Advanced Spine scheduled an appointment for Mr. Mayall to return in a few days.  Mr. Mayall consented to treatment, relying on

---

[1] In ruling on a motion to dismiss, the court assumes as true all well-pleaded facts in the plaintiff's complaint.  Gammons v. City & Cty. of Denver, 505 F. App'x 785, 786 (10th Cir. 2012).  Accordingly, the court recites the facts in this case based on Mr. Mayall's allegations.

2

Advanced Spine's representation that Dr. Garg would not treat him until preauthorization was obtained.

A few days later, Mr. Mayall returned to Advanced Spine for his appointment. Believing that his insurance had provided preauthorization, Mr. Mayall underwent Dr. Garg's procedure. Shortly after, Mr. Mayall received a bill from Advanced Spine. On reading this bill, Mr. Mayall learned that Advanced Spine had failed to receive preauthorization from his insurance. Mr. Mayall called Advanced Spine to dispute the charges. Advanced Spine admitted that it had forgotten to acquire preauthorization. As a result, Advanced Spine waived Mr. Mayall's fees.

Mr. Mayall's insurance would have covered the procedure had Advanced Spine and the hospital sought preauthorization. Also, had Mr. Mayall known that his insurance had not provided preauthorization, Mr. Mayall would not have allowed Dr. Garg to perform the procedure.

Though Advanced Spine told Mr. Mayall that it would waive the fees associated with his procedure, he learned that Advanced Spine and Dr. Garg attempted to bill Medicare. Additionally, the hospital did not waive his fees. Because Mr. Mayall refused to pay the hospital, it turned Mr. Mayall's account

over to collectors, who in turn sued Mr. Mayall in state court and reported his

debt to credit agencies.

Mr. Mayall sued various parties including the hospital, the collectors, the

credit agencies, Dr. Garg, and Advanced Spine.  This Order addresses Mr.

Mayall's four claims against Dr. Garg and Advanced Spine: a claim for violating

the Utah Consumer Sales Practice Act (UCSPA), a claim for fraud, a claim for

negligent misrepresentation, and a claim for civil conspiracy.

## DISCUSSION

### I.  Mr. Mayall's UCSPA and Fraud Claims Are Time-Barred.

Dr. Garg and Advanced Spine contend that Mr. Mayall's UCSPA and fraud

claims are barred by their respective statutes of limitations.  Dr. Garg and

Advanced Spine argue that the statute of limitations on Mr. Mayall's claims

began run in August 2012.  Mr. Mayall disagrees.  He contends that statute of

limitations began to run in 2015 and that the discovery rule should apply to his

UCSPA claim.

As "a general rule, a statute of limitations begins to run upon the happening

of the last event necessary to complete the cause of action."  Russell Packard

Dev., Inc. v. Carson, 108 P.3d 741, 746 (Utah 2005) (citation and internal

4

quotation marks omitted).  "Once a statute has begun to run, a plaintiff must file
his or her claim before the limitations period expires or the claim will be barred."
Id.  And where a complaint shows on its face that the applicable statute of
limitations has expired, dismissal for failure to state a claim is appropriate.
Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 (10th Cir. 1980).

     Courts recognize two narrow settings in which a statute of limitations may
be tolled "until the discovery of facts forming the basis for the cause of action."
Carson, 108 P.3d at 746 (citation and internal quotation marks omitted).  Courts
typically refer to the rule governing this exception as the "discovery rule."  The
first setting occurs when the "relevant statute of limitations, by its own terms,
mandates application of the discovery rule."  Id.  The second setting involves
"situations where a relevant statute of limitations provides only a fixed limitations
period with no statutory discovery rule exception."  Id.  In these situations the
discovery rule may toll an otherwise fixed statute of limitations "(1) where a
plaintiff does not become aware of the cause of action because of the defendant's
concealment or misleading conduct, and (2) where the case presents exceptional
circumstances and the application of the general rule would be irrational or
unjust."  Id.  But in any event, courts "should be cautious in tolling a statute of

limitations; liberal tolling could potentially cause greater hardships than it would ultimately relieve." Estes v. Tibbs, 979 P.2d 823, 825 (Utah 1999).

Here, Mr. Mayall's claims for fraud and violating the UCSPA all stem from the representation that Dr. Garg would not perform the procedure without preauthorization from Mr. Mayall's insurance.  Both parties agree that the relevant statutes of limitations for Mr. Mayall's claims are two and three years. See Utah Code Ann. § 13-11-19 (8) (LexisNexis 2012) (establishing a two-year statute of limitations for claims brought under the UCSPA);  Id. § 78B-2-305(3) (establishing a three-year statute of limitations for fraud claims).  And a review of Mr. Mayall's amended complaint reveals that the last events necessary to complete these causes of action occurred in August 2012 when Dr. Garg performed the procedure without preauthorization.  See Carson, 108 P.3d at 746. Further, Mr. Mayall learned of these events in August 2012.  Though Mr. Mayall originally filed a complaint against the credit agencies and the collectors for separate acts, Mr. Mayall did not seek leave to file an amended complaint with the claims against Dr. Garg and Advanced Spine until January 20, 2016.  And Mr. Mayall did not actually file the amended complaint until April 4, 2016.  Because

Mr. Mayall brought these claims after their statutes of limitations had expired,

they are time-barred.

Mr. Mayall seeks to avoid this conclusion by first arguing that the

discovery rule applies to his UCSPA claim.  Specifically, he claims that Dr. Garg

concealed facts when he testified falsely in a state-court proceeding in 2015—

when he allegedly stated that the "procedure performed by Advanced Spine and

Dr. Garg occurred on August 9, 2012, when in fact, Dr. Garg knew the procedure

was performed on August 14, 2012."  (Def.'s Resp. to Pls.'s Mot. for Summ. J.,

ECF No. 72.)  But this allegedly false testimony does not trigger the discovery

rule: it did not prevent Mr. Mayall from learning of his UCSPA cause of action,

nor does it "present exceptional circumstances" where the "application of the

general rule would be irrational or unjust."  <u>Carson</u>, 2005 UT 14, ¶¶ 20, 24.

Second, Mr. Mayall argues that both claims are not time-barred because

they began to run in 2015, when Dr. Garg allegedly testified falsely.  But again, a

review of the amended complaint shows that these claims stem from the

representation that Dr. Garg would not perform the procedure without

preauthorization.  Dr. Garg's alleged false testimony regarding the date the

procedure actually occurred does not constitute the last event necessary to

complete these causes of action.  Id. ¶ 20.  Rather, the last event necessary to

complete these causes of action occurred in August 2012.

In sum, the statute of limitations on Mr. Mayall's fraud and UCSPA claims

began to run in August 2012.  Because these claims have a two-year and a three-

year statute of limitations, and because Mr. Mayall did not even seek leave to file

these claims until January 2016, they are time-barred.  Dr. Garg's alleged false

testimony in 2015 does not change this.[2]

## II.  The Court Has, and Will Exercise Supplemental Jurisdiction Over Mr. Mayall's Negligent-Misrepresentation and Civil-Conspiracy Claims.

Dr. Garg and Advanced Spine contend that the court does not have

supplemental jurisdiction over Mr. Mayall's negligent-misrepresentation and

civil-conspiracy claims.  In the alternative, Dr. Garg and Advanced Spine argue

that the court should decline to exercise its jurisdiction over these claims.  Mr.

---

[2] Dr. Garg and Advanced Spine argue that Utah Code Ann. § 13-11-19(5) entitles them to an award of attorney fees.  In relevant part, that subsection of the UCSPA states that the court "may award to the prevailing party a reasonable attorney's fee" if (1) the plaintiff has "brought or maintained an action he knew to be groundless" and an action under the UCSPA has been "terminated by a judgment."  Utah Code Ann. § 13-11-19(5) (LexisNexis 2012).  Here, the court sees no indication that Mr. Mayall knew these causes of action to be groundless. In any event, as the statute is permissive, the court declines to grant an award of attorney fees.

Mayall responds that the court has supplemental jurisdiction over these claims and should exercise it because they form part of the same controversy and do not present any novel state-law issues.

When a district court has jurisdiction over a lawsuit, "additional claims and parties can be added under the supplemental-jurisdiction statute." Price v. Wolford, 608 F.3d 698, 702 (10th Cir. 2010). That statute grants district courts jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A claim is part of the same case or controversy if it "derive[s] from a common nucleus of operative fact." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 157 (1997).

Even if a court has supplemental jurisdiction over a claim, it can decide not to exercise its jurisdiction. See Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1165 (10th Cir. 2004). In deciding, a court should consider whether the following factors are present:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

9

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, Mr. Mayall has brought claims against credit agencies, collectors, a hospital, Dr. Garg, and Advanced Spine. Most of the claims involve collection efforts and credit reporting that stem from the procedure Mr. Mayall received from Dr. Garg at Advanced Spine. Neither party contests that the court has original jurisdiction over many of these claims. But Mr. Mayall also brought civil-conspiracy and negligent-misrepresentation claims against Dr. Garg and Advanced Spine, which are based solely on state law. Mr. Mayall's civil-conspiracy claim alleged that Dr. Garg and Advanced Spine conspired with the other defendants "to collect [his] alledged debt." And Mr. Mayall's negligent-misrepresentation claim involves the misrepresentation regarding preauthorization. These claims derive from a "common nucleus of operative fact," from which the other claims in this lawsuit arise. Consequently, the claims form "part of the same case or controversy" and the court has supplemental jurisdiction over them. 28 U.S.C. § 1367(a).

10

Further, the court sees no reason to decline its jurisdiction over these claims because none of the factors in § 1367(c) are present here.

In sum, because Mr. Mayall's negligent-misrepresentation and civil-conspiracy claims form part of the same case or controversy as the other claims in the lawsuit, the court has and will exercise supplemental jurisdiction over them.

## III.  Mr. Mayall's Negligent-Misrepresentation and Civil-Conspiracy Claims Are Sufficiently Pleaded.

Dr. Garg and Advanced Spine move to dismiss Mr. Mayall's negligent-misrepresentation and civil-conspiracy claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Mayall failed to sufficiently plead these claims.  Mr. Mayall responds that he alleged facts sufficient to survive a motion to dismiss.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Accordingly, in examining a complaint under Rule 12(b)(6), a court must "disregard conclusory statements and

11

look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012).

Here, Mr. Mayall's complaint pleads sufficient facts which, when accepted as true, state claims "to relief that [are] plausible on [their] face." <u>Twombly</u>, 550 U.S. at 570.  In Mr. Mayall's response to the motion to dismiss, Mr. Mayall first provided the elements for each cause of action and then highlighted the allegations from his amended complaint that support those elements.  A review of these allegations shows that Mr. Mayall pleaded sufficient facts to support all the claims.

## **ORDER**

For these reasons, the court GRANTS in part and DENIES in part Dr. Garg and Advanced Spine's Motion to Dismiss (ECF No. 50).  The court ORDERS as follows:

(1)     Mr. Mayall's UCSPA and fraud claims are time-barred and, consequently, dismissed.

(2)     The court has, and will exercise, supplemental jurisdiction over Mr. Mayall's civil-conspiracy and negligent-misrepresentation claims.  These claims are also sufficiently pleaded.

(3)     Dr. Garg and Advanced Spine's request for an award of attorney's fees and costs is DENIED.


DATED this 28th day of September, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

13