IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN MAYALL,<br><br>    Plaintiff,<br><br>vs.<br><br>THE RANDALL FIRM, PLLC, et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:13-cv-00166-TC<br><br>Judge Tena Campbell |

Justin Mayall approached a doctor to cure his back pain. The doctor treated Mr. Mayall in his clinic and, in fact, relieved his pain. However, Mr. Mayall asserts that the clinic and the hospital in which it was located, Cache Valley Speciality Hospital, LLC (CVSH), failed to obtain preauthorization from Mr. Mayall's insurance, creating a cascade of problems with credit-reporting agencies and collectors. Along with the doctor, the clinic, collectors, and various credit-reporting agencies, Mr. Mayall sued CVSH, Mountain Division – CVH, LLC (Mountain Division), and David Geary—CVSH's Chief Financial Officer

(collectively Hospital Defendants). Plaintiff claims CVSH and Mountain Division violated the Fair Credit Reporting Act (FCRA), the Consumer Financial Protection Act (CFPA), the Utah Consumer Sales Practice Act (UCSPA), and committed fraud, negligent misrepresentation, and civil conspiracy. Mr. Mayall asserts only the civil-conspiracy claim against Mr. Geary.

The Hospital Defendants moved for judgment on the pleadings, asking the court to dismiss all claims against them.

## **ANALYSIS**

Rule 12(c) of the Federal Rules of Civil Procedure allows parties to "move for judgment on the pleadings" after "the pleadings are closed—but early enough not to delay trial." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). Under that standard a complaint must contain enough factual allegations, taken as true, "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Hospital Defendants filed a motion for judgment on the pleadings, asking the court to dismiss all the claims against them. As a result, the court must

analyze whether the claims against the Hospital Defendants state "claim[s] to relief that are plausible on their face." Id.

### I. Mr. Mayall's Third and Fifth Causes of Action Against CVSH Fail as a Matter of Law.

Mr. Mayall asserted his third and fifth causes of action against several parties, including CVSH. Those causes of action are based on violations of the Fair Credit Reporting Act (FCRA) and the Consumer Financial Protection Act (CFPA). The Hospital Defendants contend that Mr. Mayall's third and fifth causes of action fail as they relate to CVSH. First, the Hospital Defendants argue that the FCRA does not allow for private rights of action against furnishers of information like CVSH. Second, the Hospital Defendants assert that the CFPA does not allow for private rights of action in general.

That "a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979). Instead, a court must ask "whether Congress, expressly or by implication, intended to create a private cause of action." Sonnenfeld v. City & Cty. of Denver, 100 F.3d 744, 747 (10th Cir. 1996).

3

The FCRA "imposes a duty on persons who provide information to credit reporting agencies ('furnishers') to accurately report information." Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing 15 U.S.C. § 1681s-2(a)).  While it also "gives consumers a private right of action against those who violate its provisions, . . . that right of action is limited to claims against the credit reporting agency; it does not extend to furnishers." Id. (citing 15 U.S.C. § 1681s–2(c)).  This is true even when the violations are willful. Id.

The CFPA, on the other hand, grants enforcement authority to the Consumer Finance Protection Bureau (the Bureau) and to state attorneys general. See 12 U.S.C. §§ 5564(a), 5552(a).  The CFPA contains no express authority for private rights of action.

Here, Mr. Mayall asserts that CVSH violated the FCRA and the CFPA by reporting Mr. Mayall's "disputed debt to" various credit agencies even after it knew that the "disputed debt was not accurate." (Am. Compl. Second ¶¶ 103–05, ECF No. 80.)  But FCRA does not allow for private causes of action against furnishers of information like CVSH.  And because the CFPA grants enforcement authority to the Bureau and to state attorneys general, the court finds, as other

courts have, that the CFPA does not create any private rights of action. See e.g. Gingras v. Rosette, 2016 WL 2932163, at *22 (D. Vt. May 18, 2016) ("Defendants are correct in their claim that the [CFPA] . . . does not provide for a private cause of action."); Cornwall v. Centerstate Bank of Fla., N.A., 2016 WL 3219725, at *1 (M.D. Fla. June 10, 2016) (holding that the CFPA "does not authorize a private cause of action"); Nguyen v. Ridgewood Sav. Bank, Nos., 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) ("Plaintiffs provide no statutory basis, and the Court can find none, for finding a private right of action under these provisions of the statute, which outlines duties, authorities and enforcement powers of the CFPA.").

**II.     Mr. Mayall's Sixth and Seventh Causes of Action Are Time-Barred.**

Mr. Mayall alleges in his sixth and seventh causes of action that CVSH violated the Utah Consumer Sales Practice Act (UCSPA) and committed fraud. The Hospital Defendants contend that these causes of action are time-barred.

Violations of the UCSPA and fraud carry statutes of limitations of two and three years respectively. Utah Code Ann. § 13-11-19(8) and Utah Code Ann. § 78B-2-203(3). Mr. Mayall sued outside of the two- and three-year periods. The court previously dismissed these causes of action as time-barred for other

5

defendants. (Mem. Decision and Order 4–8, ECF No. 92). And the court sees no reason to reach a different conclusion with respect to CVSH.

**III. Because Mr. Mayall Does not Allege Misrepresentations by CVSH, his Eighth Cause of Action Fails as it Relates to CVSH.**

In his eighth cause of action, Mr. Mayall asserts a claim of negligent misrepresentation against CVSH, Dr. Vikas Garg, and his clinic Advanced Spine Pain Specialists, LLC (Advanced Spine). The Hospital Defendants ask the court to dismiss this cause of action against CVSH because the complaint fails to state a claim of negligent misrepresentation against CVSH.

In order to prevail in an action for negligent misrepresentation, a plaintiff must identify a "representor [who] makes an affirmative assertion which is false." Smith v. Frandsen, 2004 UT 55, ¶ 10, 94 P.3d 919 (citation and internal quotation marks omitted) (alteration in original).

Here, Mr. Mayall alleges that he visited Advanced Spine seeking to relieve his back pain. He asserts that, although he "was in great pain," Advanced Spine's office staff "expressly told [him] he could not receive treatment until payment for the treatment was pre-authorized by [his] insurance." (Am. Compl. Second ¶ 34.) Later, believing Dr. Garg and Advanced Spine would treat him only after

6

receiving pre-authorization, Mr. Mayall received treatment even though Advanced Spine "failed to get pre-authorization." (Id. ¶ 42.)

Mr. Mayall does not assert that CVSH made any representations regarding preauthorization. In fact, Mr. Mayall does not assert any interaction with CVSH until after his procedure. Rather, Mr. Mayall's allegations of negligent misrepresentation are centered on his interactions with Advanced Spine. As a result, Mr. Mayall's claim for negligent misrepresentation against CVSH fails as a matter of law.

### IV. Mr. Mayall's Eleventh Cause of Action For Civil Conspiracy Fails as it Relates to the Hospital Defendants Because No Underlying Tort Remains Against Them.

Mr. Mayall asserts his eleventh cause of action against all of the Hospital Defendants. The Hospital Defendants ask the court to dismiss this cause of action, contending that "it requires an underlying tort, and all other claims against [the Hospital Defendants] fail as discussed above." (Mot. for J. on the Pleadings 11, ECF No. 102.)

A civil-conspiracy claim requires, "as one of its essential elements, an underlying tort." Puttuck v. Gendron, 2008 UT App 362, ¶ 21, 199 P.3d 971. Where a plaintiff has not adequately pleaded any of the underlying torts he

alleges, dismissal of his civil-conspiracy claim is appropriate. Estrada v. Mendoza, 2012 UT App 82, ¶ 13, 275 P.3d 1024.

Here, the court has already dismissed all other claims against the Hospital Defendants. No underlying tort for the civil-conspiracy claim remains. Accordingly, Mr. Mayall's eleventh cause of action for civil conspiracy also fails as it relates to the Hospital Defendants.

## V. The Court Will Not Reject the Hospital Defendants' Motion as Premature.

In his response to the Hospital Defendants' motion, Mr. Mayall does not dispute the substance of their arguments. Instead, Mr. Mayall argues only that the court should deny the motion as "legally insufficient on its face because the pleadings in the instant case are not closed." (Resp. in Opp'n to Mot. 7, ECF No. 115.) The Hospital Defendants respond that Rule 12(c) does not require the court to "keep them in the case until all other parties answer," especially considering Mr. Mayall has yet to serve one of the defendants. (Reply Mem. in Supp. of Mot. 4, ECF No. 117.)

As mentioned before, Rule 12(c) of the Federal Rules of Civil Procedure allows parties to seek a judgment on the pleadings once "the pleadings are closed." However, if a Rule 12(c) motion is filed before the pleadings are closed,

a court may treat it as a motion to dismiss under Rule 12(b)(6). See e.g. Andro v. Union Carbide Corp., No. CIV. 13-5249, 2014 WL 1371713, at *2 (D. N.J. Apr. 8, 2014) (treating a Rule 12(c) motion as a Rule 12(b)(6) motion because the defendant had not answered the plaintiff's complaint); Jung v. Ass'n of Am. Med. Colleges, 339 F.Supp.2d 26, 35 (D. D.C. 2004) (stating that "if a party files a Rule 12(c) motion before its answer, the Court may treat it as a motion to dismiss under Rule 12(b)(6) for failure to state a claim"); Seber v. Unger, 881 F.Supp. 323, 325 n. 2 (N.D. Ill. 1995) (describing the "common practice of treating the premature Rule 12(c) motion as a Rule 12(b)(6) motion" and citing cases).

Here, most of the defendants, including the Hospital Defendants, have answered Mr. Mayall's operative complaint. A couple have not. In fact, at least one defendant has yet to be served. But the lack of a few defendants' answers the complaint should not foreclose the Hospital Defendants' opportunity to seek dismissal at this time. And even if the Hospital Defendants' motion were to qualify as premature, the court can treat it as a Rule 12(b)(6) motion, which operates under the same standard. Consequently, the court will not deny the Hospital Defendants' motion on procedural grounds.

# **ORDER**

The Hospital Defendants' motion (ECF No. 102) is GRANTED. All claims against CVSH, Mountain Division, and Mr. Geary are dismissed.

DATED this 9th day of August, 2017.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge
