IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JUSTIN MAYALL,<br><br>        Plaintiff,<br><br>vs.<br><br>THE RANDALL FIRM, PLLC, an Idaho professional limited liability company; NEAL S. RANDALL, MEADE RECOVERY SERVICES, LLC, a Utah limited liability company; and MEADERS, LLC, a Utah limited liability company,<br><br>        Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br>Case No. 1:13-cv-00166-TC |

Plaintiff Justin Mayall brought this action following efforts to collect a medical bill he claims he did not owe. Before the court are three motions for judgment on the pleadings or summary judgment. Two sets of defendants, Meade Recovery Services and Meaders, LLC (collectively, Meade), and Neal S. Randall and The Randall Firm, PLLC (collectively, the Randall Defendants), have filed nearly identical motions seeking dismissal of all claims against them. (ECF Nos. 156, 167.) For the reasons set forth below, the court grants in part and denies in part these motions. The Randall Defendants have additionally filed a motion seeking dismissal on the narrow grounds that Mr. Mayall failed to comply with his discovery obligations and has not pierced the corporate veil to hold Mr. Randall personally liable. (ECF No. 153.) This motion is denied.

# BACKGROUND[1]

This case arises from a straightforward billing error made by a medical clinic. On August 8, 2012, Mr. Mayall visited Advanced Spine Pain Specialists (Advanced Spine) in Logan, Utah, for surgery to treat back pain. But Mr. Mayall, a disabled veteran who receives medical benefits from the Department of Veterans Affairs (VA) and Medicare, needed insurance preauthorization before he could undergo surgery. Advanced Spine promised to submit the necessary papers, and scheduled his surgery for August 14, 2012.

Mr. Mayall underwent surgery, but Advanced Spine forgot to submit his preauthorization papers. Because of the error, Advanced Spine waived the cost of the procedure. But the Cache Valley Hospital still sent Mr. Mayall a bill for the surgery, which Mr. Mayall refused to pay. The hospital turned the bill over to Meade for collection.

On July 18, 2013, Mr. Mayall received a letter from the Randall Defendants on behalf of Meade demanding payment. The letter stated:

Our records indicate that you owe a past-due balance as calculated below:

| | |
|---|---|
| Original Balance | $3,670.10 |
| Accrued Interest at 18% APR | $620.80 |
| Collection Costs | $1,468.04 |
| Attorney Fees | $175.00 |
| Less Payments Made | -$0.00 |
| **Total Past-Due Balance** | **$5,933.94** |

You should pay off the amount owed now by mailing a check or money order to: Meade Recovery Service, LLC . . . . If you cannot pay off the amount owed right now, then you should call my office and set up monthly payments and sign a

---

[1] Because Meade and the Randall Defendants bring their motions primarily as motions for judgment on the pleadings, the court recites the facts alleged in Mr. Mayall's second amended complaint, and only discusses extrinsic evidence where necessary.

payment agreement; the fee to set up the payment arrangement will be included in the monthly payments.  If you do not: 1) Pay off the amount owed, or 2) set up monthly payments, then a lawsuit will be filed against you to collect the original balance.  Also, the lawsuit will seek to recover interest, attorney fees, collection costs and other court costs from you.  Therefore, in order to avoid legal action, you should contact me immediately.  Otherwise, my client has instructed me to file a lawsuit against you.

Sincerely,

Neal S. Randall

Attorney at Law

(Ex. 1 to Second Am. Compl. (ECF No. 80-1).)  At the bottom of the letter was a fine print legal notice:

If this is a consumer debt, you are hereby notified of the following: 1) This letter is an attempt to collect a debt allegedly owed to the above-listed original creditor, and any information will be used for that purpose.  2) Unless you dispute the validity of the debt, or any portion thereof within thirty (30) days after receipt of this letter, the debt will be assumed to be valid.  3) If you notify this office in writing within the thirty-day period that the debt, or any portion therof, is disputed, then this office will obtain verification of the debt, or, if applicable, a copy of the judgment against you, and this office will mail a copy of such verification or judgment against you.  4) Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.  5) This past due debt may be reported, if not reported already, to a credit reporting company, if it remains unpaid.

(Id.)

According to Mr. Mayall, he disputed the debt in writing within thirty days of receiving the letter.

On August 20, 2013, the Randall Defendants sent Mr. Mayall another letter with a copy of an unfiled state court complaint, which said,

You have just been served with a lawsuit.  The lawsuit will seek damages as described in the attached Complaint, and as shown in the brief summary below:

3

| | |
|---|---|
| Original Balance | $3,670.10 |
| Accrued Interest at 18% APR (thru 8/9/12 to 8/20/13) | $680.53 |
| Collection Costs* and Attorney Fees | $2,120.54 |
| Less Payments Made | -$0.00 |
| **Total Past-Due Balance** | **$6,471.17** |

*Including estimated service of process costs of $27.50

In addition to the Total Claim for Damages amount, the lawsuit seeks future court filing fees that range between $75.00 and $360.00. If you wish to prevent the commencement of the lawsuit, then you should contact my office within five (5) days of the receipt of this letter to settle the matter and/or establish a payment plan. If you call my office and set up a payment plan, then you can prevent the lawsuit from being filed with the court, thereby saving yourself the additional cost of the court filing fees as described above. Therefore, in order to prevent the lawsuit from progressing and to save yourself from the additional costs of litigation, you should contact me immediately to make payment arrangements.

Please be advised that without payment in full or a written payment agreement signed by you and returned to Meade Recovery Services, LLC within 10 business days, the attached Complaint will be filed with the Court.

Sincerely,

Neal S. Randall
Attorney at Law

(Ex. 2 to Second Am. Compl. (ECF No. 80-2).)

Meade and the Randall Defendants filed suit against Mr. Mayall shortly after sending the letter, but dismissed the suit on the eve of trial. Mr. Mayall filed this action on December 03, 2013. In his operative second amended complaint, he brings claims under the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Consumer Financial Protection Act (CFPA), and Utah law. Meade and the Randall Defendants now seek dismissal of all claims against them.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." But if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Meade and the Randall Defendants seek to dismiss most claims based solely on the pleadings. For these claims, the court will use the same standard as a Rule 12(b)(6) motion. Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In doing so, the court must "liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1105 (10th Cir. 2017).

Meade and the Randall Defendants challenge one of Mr. Mayall's FDCPA claims—the alleged violation of 15 U.S.C. § 1692g—with materials outside of the pleadings, so the court will evaluate that claim using the summary judgment standard. "Summary judgment is proper if the movant demonstrates that there is 'no genuine issue as to any material fact' and that it is 'entitled to a judgment as a matter of law.'" Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (quoting Fed. R. Civ. P. 56(c)). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." Id. at 670–71. Should the nonmovant bear the burden of persuasion at trial, the movant need only show a lack of evidence on a required element of the claim. Id. at 671. Upon making this prima facie showing, "the burden shifts to the nonmovant to

go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." Id. (quoting Fed. R. Civ. P. 56(e)). When applying the summary judgment standard, court must "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." Id. at 670.

## ANALYSIS

### I. Mr. Mayall's FCRA and CFPA Claims

Meade and the Randall Defendants challenge Mr. Mayall's FCRA and CFPA claims on the ground that neither statute gives Mr. Mayall a private right of action. The court agrees.

The court has already evaluated Mr. Mayall's FCRA and CFPA claims in this case. A different set of defendants—the entities comprising the hospital that furnished billing information to Meade—moved for judgment on the pleadings on the ground that neither statute conferred a private right of action to sue. See Mayall v. Randall Firm, PLLC et al., No. 1:13-cv-00166-TC, 2017 WL 3432033, at *1–2. (D. Utah Aug. 9, 2017). As the court stated in that decision:

> The FCRA "imposes a duty on persons who provide information to credit reporting agencies ('furnishers') to accurately report information." Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing 15 U.S.C. § 1681s–2(a)). While it also "gives consumers a private right of action against those who violate its provisions, . . . that right of action is limited to claims against the credit reporting agency; it does not extend to furnishers." Id. (citing 15 U.S.C. § 1681s–2(c)). This is true even when the violations are willful. Id.

Id. at *2. The same analysis applies here. Meade and the Randall Defendants are not credit reporting agencies, so Mr. Mayall's FCRA claim against them fails as a matter of law.[2]

---

[2] Mr. Mayall tries to distinguish this case from Sanders. The court in Sanders recognized that a private right of action against a furnisher might exist when the furnisher fails to comply with the

Mr. Mayall's CFPA claim fails for the same reason. As the court stated previously, the CFPA "grants enforcement authority to the Consumer Finance Protection Bureau (the Bureau) and to state attorneys general," and "contains no express authority for private rights of action." Id. (citing 12 U.S.C. §§ 5564(a), 5552(a)). So Mr. Mayall's claim under the CFPA must also be dismissed.

## II.     Mr. Mayall's FDCPA Claims

Mr. Mayall brings two claims under the FDCPA. First, he alleges that Meade and the Randall Defendants failed to verify the debt under 15 U.S.C. § 1692g. Second, he alleges that Meade and the Randall Defendants falsely represented the date of the underlying medical procedure and reported the errant debt to credit reporting agencies in violation of 15 U.S.C. § 1692e.

A. Section 1692g

Under the FDCPA, a consumer may, within thirty days of receiving notice of a debt, dispute the debt in writing. Upon notice of a dispute,

> the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). Mr. Mayall's claim centers on the provision's "verification" requirement,[3] which obligates a debt collector to "verify that its letters to the consumer

_____

FCRA provisions listed in 15 U.S.C. § 1681s-2(b). But Mr. Mayall has not alleged a violation of this separate provision. His claim, brought under 15 U.S.C. § 1681s-2(a), must be dismissed.

[3] Section 1692g also provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). While Mr. Mayall pleads an "overshadowing" claim in his second amended complaint (Second Am. Compl. ¶ 83(a)), he does not respond to Meade's and the Randall Defendants' challenges to it, and the court considers the overshadowing claim waived.

accurately convey the information received from the creditor." Walton v. EOS CCA, 885 F.3d 1024, 1027 (7th Cir. 2018).

According to deposition testimony, Meade confirmed the validity of debt with the hospital. (See Dep. of Gavin Meade at 78:1–79:4, Ex. 1 to Mr. Mayall's Opposition (ECF No. 163-1).) Rather than dispute this evidence, Mr. Mayall argues that Meade failed to investigate and resolve the actual validity of the debt, and could not simply take the Cache Valley Hospital's claim at face value.

But the FDCPA's verification requirement does not require, as Mr. Mayall suggests, that a debt collector resolve the ultimate validity of the debt. Instead, a debt collector may reasonably rely on a creditor's representations, even if the creditor is in error. See Gonzalez v. Cullimore, 417 P.3d 129, 138 (Utah 2018). As stated by the Seventh Circuit, "[i]t would be both burdensome and significantly beyond the Act's purpose to interpret § 1692g(b) as requiring a debt collector to undertake an investigation into whether the creditor is actually entitled to the money it seeks." Walton, 885 F.3d at 1027–28; see also Philhower v. Express Recovery Servs., Inc., No. 2:12-CV-01193-DN, 2014 WL 692908, at *7 (D. Utah Feb. 21, 2014) ("[A] consumer's claim not to owe a debt does not alone make it unreasonable for a debt collector to rely on a creditor's representations regarding the validity of the debt."). Because Mr. Mayall focuses entirely on the validity of the underlying debt, he fails to present any evidence suggesting that Meade failed to verify the debt with the hospital or unreasonably relied on the hospital's representation. Accordingly, his claim under § 1692g is dismissed.

B. Section 1692e

Meade and the Randall Defendants challenge Mr. Mayall's § 1692e claim on the pleadings, so the court reviews it under the Rule 12(b)(6) standard.

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  It lists sixteen nonexclusive examples of wrongful conduct, including the false representation of "the character, amount, or legal status of any debt," id. § 1692e(2)(A), and "[c]ommunicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed," id. § 1692e(8).

In the second amended complaint, Mr. Mayall alleges that Meade and the Randall Defendants "sought payment for the alleged debt claiming a procedure was performed on August 9, 2012, when in fact no procedure was ever performed on Plaintiff on that date."  (Second Am. Compl. ¶ 92.)  He also alleges that Meade and the Randall Defendants reported the disputed debt to credit reporting agencies—and later failed to correct their reports to the agencies—despite knowing, or having reason to know, that the debt was inaccurate.  (Id. ¶¶ 95–96.)

Meade and the Randall Defendants first argue that the alleged date error, if true, does not amount to a material inaccuracy.  The court agrees.  "The FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless."  Maynard v. Cannon, 401 F. App'x 389, 397 (10th Cir. 2010).  Rather, an inaccuracy or error must be material—"capable of influencing the decision of the least sophisticated debtor."  Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015).  Assuming Mr. Mayall's allegations to be true, the wrong date is less than a week before the actual date.  Even the least sophisticated consumer would have understood that the debt involved the August 14 surgery.

Next, Meade and the Randall Defendants argue that Mr. Mayall has not pled sufficient facts to support the claim that they reported an inaccurate debt to credit reporting agencies.

Specifically, they argue that "Mr. Mayall does not assert in his complaint what 'information' was provided to Meade causing it to know or that should have caused Meade to know that the disputed debt was not accurate." (ECF No. 156 at 10.) On this issue, the court disagrees.

Section 1692e imposes strict liability for violations. Unlike § 1692g, which allows a debt collector to reasonably rely on a creditor's incorrect representation of a valid debt, "§ 1692e applies even when a false representation was unintentional." Gonzalez, 417 P.3d at 137 (quoting Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1175 (9th Cir. 2006)). Mr. Mayall has pled facts showing that he did not owe the underlying debt because Cache Valley Hospital was attempting to collect on a bill that Advanced Spine had waived due to its failure to obtain preauthorization. (Second Am. Compl. ¶¶ 54–55.) He further alleges that Meade and the Randall Defendants "reported Plaintiff's disputed debt to Experian, TransUnion, and Equifax on multiple occasions even after Plaintiff provided information to Meade, Randall, and the Randall Firm, which caused Defendants to know, or should have caused Defendants to know, that the disputed debt was not accurate." (Second Am. Compl. ¶ 96.) These allegations plausibly state a claim for relief under § 1692e.

### III.    Civil Conspiracy

Meade and the Randall Defendants seek dismissal of Mr. Mayall's civil conspiracy claim solely on the basis that Mr. Mayall's federal claims fail, leaving Mr. Mayall without an "unlawful, overt act" necessary to prove conspiracy. Israel Pagan Estate v. Cannon, 746 P.2d 785, 790 (Utah Ct. App. 1987). But Mr. Mayall has adequately alleged a violation of the FDCPA. Accordingly, the court will not dismiss his civil conspiracy claim.

## IV.   The Randall Defendants' First Motion for Judgment on the Pleadings

Because some of Mr. Mayall's claims remain, the court also addresses the Randall Defendants' first motion for judgment on the pleadings or summary judgment.  In it, Mr. Randall seeks dismissal of the claims against himself personally on the grounds that Mr. Mayall has not alleged that he "acted outside of the scope of his representation of the Randall Firm" to pierce the corporate veil.  (Id. at 1.)   The Randall Defendants also seeks dismissal of the claims against them on the basis that Mr. Mayall has not served initial disclosures pursuant to Federal Rule of Civil Procedure 26.  The court denies the motion.

To start, Mr. Mayall need not pierce the corporate veil to hold Mr. Randall individually liable under the FDCPA.  The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis added).  Most courts, including "courts in this district[,] have ruled that individuals who satisfy this statutory definition can be held personally liable under the FDCPA without piercing the corporate veil."  Carvana v. MFG Fin., Inc., No. 2:07-CV-00128DAK, 2008 WL 2468539, at *2 (D. Utah June 17, 2008).  Mr. Mayall has adequately alleged that Mr. Randall "acted as a 'debt collector' within the meaning of 15 U.S.C. § 1692a(6), in that he held himself out to be an individual collecting a consumer debt allegedly owed by Plaintiff."  (Second Am. Compl. ¶ 9.)

The Randall Defendants' argument concerning initial disclosures fails as well.  Mr. Mayall apparently provided the Randall Defendants with initial disclosures as part of the underlying collection case filed against him in state court, Meade v. Mayall, No. 13-9101870 (1st

District, Cache County, Utah). Additionally, the Randall Defendants never sought initial disclosures during the discovery phase of this case. Their proper remedy would have been to file a motion to compel production, not a dispositive motion following the close of discovery.

## ORDER

The Meade Defendants' Motion for Judgment on the Pleadings or Summary Judgment (ECF No. 167) and the Randall Defendants' Second Motion for Judgment on the Pleadings or Summary Judgment (ECF No. 156) are GRANTED IN PART AND DENIED IN PART. The court will not dismiss Mr. Mayall's § 1692e claim or civil conspiracy claim, but will dismiss the other claims against the moving parties.

The Randall Defendants' First Motion for Judgment on the Pleadings or Summary Judgment (ECF No. 153) is DENIED.

DATED this 26th day of September, 2019.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge