IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JUSTIN MAYALL,<br><br>Plaintiff,<br><br>vs.<br><br>THE RANDALL FIRM, PLLC, an Idaho professional limited liability company; NEAL S. RANDALL, MEADE RECOVERY SERVICES, LLC, a Utah limited liability company; and MEADERS, LLC, a Utah limited liability company,<br><br>Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br><br><br>Case No. 1:13-cv-00166-TC |

This action was dismissed, by stipulation of the parties, on November 14, 2019. (ECF No. 183.) Prior to its dismissal, Plaintiff Justin Mayall's former attorney, Ronald Ady, filed a Notice of Claim of Attorney's Lien. (ECF No. 16.) Mr. Mayall now moves to set aside that lien. (ECF No. 185.)

For the reasons stated below, the court declines to exercise supplemental jurisdiction over this matter and the motion is denied.

**I.   Background**

In mid-2013, Meade Recovery Services sued Mr. Mayall in state court, alleging Mr. Mayall had failed to pay certain medical debts. Mr. Mayall responded by filing this federal

action, in which he maintained that he did not owe any such debt, and that efforts to collect it violated federal and state law.

On April 15, 2013, Mr. Mayall hired Mr. Ady to represent him in both lawsuits. (Ex. A to Pl.'s Mot. (ECF No. 185-1).) Mr. Ady was replaced as counsel in the state action on April 30, 2015, and in this action on May 20, 2015. Mr. Ady then filed substantively identical Notices of Claim of Attorney's Lien in both cases, claiming he was entitled to $25,253.42 for his work up to that point. (Ex. B to Pl.'s Mot. (ECF No. 185-2).)

The state action was dismissed on July 29, 2015. The federal action was dismissed on November 14, 2019.

In mid-2018, Mr. Mayall's counsel contacted Mr. Ady to discuss the amount of attorney's fees owed. After taking into account Mr. Mayall's retainer and other payments already made, Mr. Ady indicated that Mr. Mayall still owed $19,344.80. Mr. Ady did not provide any billing records or other breakdown to explain how he had reached that figure. (Ex. C to Pl.'s Mot. (ECF No. 185-3).) In light of this absence of evidence, Mr. Mayall filed the present motion to set aside the attorney lien.[1]

**II.     Jurisdiction**

Both Mr. Mayall and Mr. Ady have filed briefs in which they argue that the court has supplemental jurisdiction over this matter. (ECF Nos. 189-190.) The court agrees. Even though Mr. Ady's work on Mr. Mayall's case occurred in the state action rather than in this federal action, the two actions were so intertwined that supplemental jurisdiction exists. See, e.g., Davis v. King, 560 F. App'x 756, 759 (10th Cir. 2014) (holding that the district court had supplemental

---

[1] Mr. Ady filed an opposition that he has also characterized as a "cross-motion to enforce attorney's lien," in violation of Local Rule 7-1(b)(1)(A). (ECF No. 186.) He has also filed a motion asking for additional time to file a reply to that cross-motion (in other words, a sur-reply to the original motion). (ECF No. 191.) These requests are moot, in light of the court's conclusions regarding jurisdiction.

2

jurisdiction to resolve an attorney lien dispute, even when the attorney in question had only represented the plaintiff before the EEOC and not in federal court, because the initial EEOC action was "an integral part" of the subsequent case).

But even when supplemental jurisdiction exists, the court can decline jurisdiction when "the [supplemental] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Here, the court had original jurisdiction over Mr. Mayall's federal law claims, but those claims have all been dismissed. The only remaining issue is Mr. Ady's lien for attorney's fees.

It is unclear whether Mr. Ady is seeking to obtain a percentage of Mr. Mayall's recovery or intends to use the lodestar method to calculate the amount he is owed.[2] Either way, the question turns entirely on state law. For example, whether Mr. Ady is entitled to a percentage of the recovery turns on the interpretation of section 2(a)(ii)(B) of the parties' retainer agreement and the meaning of Utah state cases like <u>Christina Hannan-Canete v. University of Utah School of Medicine</u>, Case No. 08-0904953 (Third Jud. Dist., Salt Lake County) and <u>Eastmond v. Earl</u>, 912 P.2d 994 (Utah Ct. App. 1996). Alternatively, to the extent the lodestar method is at issue, that is "a matter uniquely within the discretion of the trial judge who 'has intimate knowledge of the efforts expended and the value of the services rendered.'" <u>Brown v. Phillips Petrol. Co.</u>, 838 F.2d 451, 453 (10th Cir. 1988) (quoting <u>United States v. Anglin & Stevenson</u>, 145 F.2d 622, 630 (10th Cir. 1944). Here, the work Mr. Ady claims to have done was all performed before the state

---

[2] Mr. Ady dedicates a whole section of his opposition to the claim that "[u]nder controlling Utah law even after the attorney's services are terminated an attorney's lien can be used to enforce a contingent fee." (Ady Opp'n at 10 (ECF No. 185).) But elsewhere in the opposition, he suggests that he is only entitled to a lodestar award. (<u>Id.</u> at 7 ("The retainer agreement between Mr. Mayall and this Firm provided that in the event this firm ceased being his legal counsel Mr. Mayall would pay this Firm attorney fees incurred to date calculated on the lodestar method."); at 10 ("This Firm's retainer agreement with Mr. Mayall specifically provides that in the event this firm ceased being Mr. Mayall's legal counsel, it would have an attorney's lien, calculated according to the lodestar method, against any recovery made by Mr. Mayall.").) Accordingly, it is not entirely clear what type of relief Mr. Ady is seeking.

3

court.  (See Ady Opp'n at 7-9.)  So it is the state court, not this court, that has the "intimate knowledge" necessary to calculate Mr. Ady's attorney's fees.

For these reasons, the court declines to exercise supplemental jurisdiction over Mr. Mayall's motion to set aside attorney's lien.  Relief should instead be sought in the state court.

**ORDER**

Mr. Mayall's Motion to Set Aside Attorney's Lien (ECF No. 185) is DENIED.  In light of the above, Mr. Ady's Motion for Extension of Time to File Response/Reply (ECF No. 191) is DENIED as moot.

DATED this 23rd day of January, 2020.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
U.S. District Court Judge